THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY PASSANANTI, ) | |
| ) | FILED: MAY 14, 2008 |
| Plaintiff, ) | 08CV2803  J.N. |
| ) | Case No. JUDGE DARRAH |
| vs. ) | MAG. JUDGE DENLOW |
| ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit ) | |
| of local Government, COOK COUNTY ) | |
| SHERIFF'S DEPARTMENT, JOHN P. ) | |
| SULLIVAN, in his individual capacity. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

Plaintiff KIMBERLY PASSANANTI, by her attorneys, ANDREOU & CASSON, LTD., complains against the Defendants County of Cook, the Cook County Sheriff's Department, and John P. Sullivan, and states as follows:

### INTRODUCTION

1.  Plaintiff KIMBERLY PASSANANTI seeks redress for gender discrimination and retaliation by Defendants in violation of her rights of equal protection under 775 ILCS 5/2-102, the Illinois Constitution and the First and Fourteenth Amendments to the Constitution of the United States. This civil rights action is brought under the Title VII of the Civil Rights Act of 1993 as amended, the Civil Rights Act of 1866, and 42 U.S.C. §1983. Plaintiff PASSANANTI seeks declaratory and injunctive relief as well as damages for his injuries.

### JURISDICTION

2.  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §§1983 and 2000e; and, the First and Fourteenth Amendments to the Constitution of the United States of America. Venue of this Complaint has been properly laid in U.S. District Court for the Northern District of Illinois, Eastern Division, as all parties are

1

residents of the County of Cook, Illinois.  Upon information and belief, all Defendants to this Count are citizens of the State of Illinois.  All of the actions alleged herein occurred within the County of Cook, State of Illinois.

## FACTS UPON WHICH CLAIMS ARE BASED

3. Plaintiff PASSANANTI is a 13 year employee of the Cook County Sheriff's Office. At all relevant times, PASSANANTI resided in Cook County, Illinois.

4. Defendant John P. Sullivan ("Sullivan") is an employee of the Cook County Sheriff's Department and resides in Cook County, Illinois. He is an administrative officer and has supervisory authority over the Plaintiff.

5. The Cook County Sheriff's Office ("Sheriff's Office") is a law enforcement organization with its main offices in Cook County, Illinois.

6. The County of Cook is a municipal subdivision and is incorporated under the laws of the State of Illinois.

7. The actions and inactions at issue occurred in Cook County, Illinois.

8. On June 27, 1994 the Sheriff's Office hired PASSANANTI.

9. Throughout her 13 years of employment until March, 2007, PASSANANTI was consistently promoted, earned high performance appraisals, was given raises, and was given numerous commendations, certificates of achievement, and other praise for her outstanding work, loyalty, and commitment to the Sheriff's Office.

10. PASSANANTI was assigned as a case investigator in the Day Reporting Center.

11. In 2003, PASSANANTI was promoted to Deputy Director of the DRC based on her performance and dedication to duty.

12. PASSANANTI received promotions, certifications and advancement within the Department.

13. PASSANANTI was demoted from Deputy Director without just cause.

14. In March, 2007, PASSANANTI was directed to clean out her office and terminated.

15. PASSANANTI was falsely told that her position was eliminated, however, she subsequently learned that she was lied to and was replaced by a male.

16. PASSANANTI was referred to as a "bitch" by SULLIVAN on numerous

occasions.

17. SULLIVAN transferred, disciplined and suspended PASSANANTI arbitrarily and without cause.

18. SULLIVAN falsely and maliciously accused PASSANANTI with criminal and official misconduct by stating that she had intercourse with an inmate she supervised. The statement was knowingly false when made and was made by SULLIVAN for the purpose of damaging PASSANANTI'S reputation among her colleagues.

19. Defendants' actions reflect a systematic policy and practice of discrimination and retaliation and constitute a continuing violation.

20. Each individually named Defendants, and their agents, were acting within the scope of their employment.

21. PASSANANTI filed her charge of discrimination with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights within 180 days of her termination.

22. On September 28, 2007 PASSANANTI received her Right to Sue letter and this matter has been filed within 90 days of the issuance of the Right to Sue letter from the U.S. Equal Employment Opportunity Commission. The Plaintiff initially filed her claims for sexual harassment and discrimination in the Circuit Court of Cook County. That Court, by Judge William Taylor, entered an order dismissing the claims of sexual harassment and discrimination in Circuit Court and giving the Plaintiff leave to file her Complaint in U.S. District Court. Exhibit A.

## COUNT I:
## INDEMNIFICATION
**(Against Cook County)**

23. PASSANANTI hereby incorporates and realleges paragraphs 1-22 as though set forth and is incorporated by reference.

24. Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4-603 and 55 ILCS 5/5-1106, Cook County is empowered and directed to pay any judgment for compensatory damages (and any associated attorney fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its deputies, including but not limited to

Defendants Sheahan and Sullivan, acting within the scope of their employment is found liable.

25. The acts and/or omissions of Defendants Sheahan and Sullivan were committed within the scope of their respective employments with the Cook County Sheriff's Department.

26. In the event that a judgment for compensatory damages is entered against the Defendants Sullivan and/or Sheriff's Department, Cook County must pay the judgment as well as the associated attorney fees and costs.

## COUNT II
### (Plaintiffs v. Cook County and the Sheriff's Department)
### (Title VII Violation - Sexual Discrimination and Harassment)

27. As against Defendants Cook County and the Sheriff's Department, Plaintiff restates and realleges by reference paragraphs 1 through 26 above as though fully set forth herein.

28. The actions of Defendants as perpetrated by its agents and as described and Complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiffs because of their sex, in violation of 775 ILCS 5/2-102 and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

29. Defendants have engaged in a policy, pattern, and practice of sexual harassment and discrimination against women.

30. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiffs from those hostile and abusive conditions.

31. The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiffs has caused Plaintiffs great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and

benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiffs respectfully request:

i.	All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

ii.	Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, emotional distress, and defamation, caused by Defendants' conduct;

iii.	Defendants be required to pay prejudgment interest to Plaintiffs on these damages;

iv.	A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

v.	A permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of 775 ILCS 5/2-102 and Title VII, 42 U.S.C. § 2000e et seq.;

vi.	The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

vii.	An award of reasonable attorneys' fees, costs, and litigation expenses; and

viii.	Such other relief as the Court may deem just or equitable.

### COUNT III
### (Plaintiff v. All Defendants)
### (§ 1983 Violation of Equal Protection - Sexual Harassment)

32.	As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 31 above as though fully set forth herein.

33.	Defendant SULLIVAN intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment.

34.	Defendants Cook County, Cook County Sheriff's Department, SULLIVAN, and

Other supervisory personnel intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff, and other women, from those hostile and abusive conditions.

35. Plaintiff was required to tolerate and endure Defendant' sexual advances.

36. Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning sexual harassment of women:

   i. SULLIVAN intentionally subjected Plaintiff to unequal and discriminatory treatment by engaging in repeated and persistent acts of unwelcome and offensive sexual discrimination and harassment of Plaintiff;

   ii. Defendant's employees have engaged in conduct with other female employees of Cook County and the Sheriff's Department who have found such conduct to be unwelcome and offensive;

   iii. Defendant SULLIVAN and other male supervisors and employees treated Plaintiffs in a degrading, offensive and discriminatory manner because of their gender, and Cook County and the Sheriff's Department refused to take corrective action;

   iv. Plaintiff and other females were subjected to a discriminatory and hostile work environment because of their gender, and Defendants failed and refused to take corrective action;

37. The actions of Defendants against Plaintiff violate their equal protection right to be free from sexual discrimination under 775 ILCS 5/2-102, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

38. The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiffs' rights as secured by 775 ILCS 5/2-102, 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

39. The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiffs has caused Plaintiffs great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiffs respectfully requests:

i.  All wages and benefits Plaintiffs would have received but for the discrimination, including pre-judgment interest;

ii.  Compensatory damages in an amount to be determined at trial to compensate Plaintiffs for their depression, humiliation, anguish, emotional distress, and defamation, caused by Defendants' conduct;

iii.  Defendants be required to pay prejudgment interest to Plaintiffs on these damages;

iv.  A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

v.  A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

vi.  A declaratory judgment that Defendants' actions violate federal law, the First and Fourteenth Amendments to the United States Constitution;

vii.  The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

viii.  Punitive damages as allowed by law as against Defendant Sullivan;

ix.  An award of reasonable attorneys' fees, costs, and litigation expenses;

x.  Such other relief as the Court may deem just or equitable.

**JURY DEMAND**

The Plaintiff hereby demands a trial by a jury.

                                                 Respectfully submitted,
                                                 ANDREOU & CASSON, LTD.

                                        By: ***/s/Luke A. Casson***
                                                    Luke A. Casson

LUKE A. CASSON
Andreou & Casson, Ltd.
Attorneys for Plaintiff
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
312.935.2000/ 312.935.2001