IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CV 2803 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit of local Government, COOK COUNTY SHERIFF'S DEPARTMENT, JOHN P. SULLIVAN, in his individual capacity, | ) ) ) ) | Judge John W. Darrah Magistrate Judge Denlow |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, The County of Cook, Illinois, Cook County Sheriff's Department and John P. Sullivan, by and through their attorney, Richard A. Devine, State's Attorney of Cook County, and his Assistant State's Attorney, Donald R. Hallsten, Jr., and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss plaintiff's complaint. In support thereof, defendants state as follows:

### Introduction

Plaintiff, Kimberly Passananti, brings this complaint in relation to her March 2007 termination of employment with the Cook County Sheriff's Department. (Ex.1, Comp. ¶ 14) Plaintiff's Complaint puts forth three counts. Count I alleges indemnification against Cook County. Count II alleges sexual discrimination and harassment under Title VII and against Cook County. Count III alleges a "Violation of Equal Protection – Sexual Harassment" under 42 U.S.C. §1983 against all defendants. Plaintiff's Complaint was filed on May 14, 2008.

Defendants seeks dismissal of plaintiff's Complaint because: 1) plaintiff's Title VII claims are barred by the statute of limitations; and, 2) plaintiff failed to sufficiently plead a cause of action for sexual harassment under 42 U.S.C. §1983.

## Standard of Review

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, a district court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon*, 467 U.S. at 73. Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## Argument

**I.   Plaintiff's Title VII Claims Are Barred By The Statute Of Limitations.**

Under Title VII, a plaintiff has ninety days from receipt of the "Notice of Right to Sue" issued by the EEOC to file suit. *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1312 (7th Cir. 1984); *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union,* 585 F.2d 210 (7th Cir. 1978); see also 42 U.S.C. § 2000e-5(f)(1). In her complaint, plaintiff states that she received her Right to Sue Letter on September 28, 2007. (Ex. 1, Comp. ¶ 22) Plaintiff did not

file the instant complaint in this Court until May 14, 2008. Because plaintiff filed her complaint approximately 140 days after the ninety-day requirement, plaintiff's Title VII claims must be dismissed.

Dismissal of plaintiff's Title VII claims from this Court should be automatic despite plaintiff's claim that she had "initially filed her claims for sexual harassment and discrimination in the Circuit Court of Cook County." (Ex. 1, Comp. ¶ 22)  While the Supreme Court has stated that the ninety-day period for filing a Title VII action may be equitably tolled, the court limited such tolling to instances where a plaintiff shows either (1) *excusable* ignorance of or noncompliance with, the limitations period, evidently with no prejudice to defendant, see, *e.g., Gates v. Georgia-Pacific Corp.,* 492 F.2d 292 (9th Cir. 1974) (inadequate notice from EEOC of limitations period); *Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir. 1972) (pending motion for appointment of counsel triggers tolling); *Carlile v. South Routt School District RE 3-J,* 652 F.2d 981 (10th Cir. 1981) (court had led plaintiff to believe she had complied with filing rules); or (2) affirmative misconduct of defendant that lulled the plaintiff into inaction, see, *e.g., Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207 (9th Cir. 1981); *Wilkerson v. Siegfried Insurance Agency, Inc.,* 621 F.2d 1042 (10th Cir. 1980); *Leake v. University of Cincinnati,* 605 F.2d 255 (6th Cir. 1979); *See generally Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S. Ct. 1723, 1725-26 (1984).

Plaintiff's claim here, that she initially filed her claims for sexual harassment and discrimination in the Circuit Court of Cook County, does not meet either threshold necessary to trigger equitable tolling of the ninety-day requirement.  It is without dispute that, at the time plaintiff filed her complaint in state court, Illinois courts lacked jurisdiction over employment discrimination claims. Illinois courts lacked jurisdiction over these claims because until

amendments that did not become effective until January 1, 2008, the Illinois Human Rights Act expressly divested Illinois courts of jurisdiction over such employment discrimination claims. That plaintiff has brought such claims under federal law is of no moment "because the exclusivity of the remedy provided under the Human Rights Act also extends to claims of civil rights violations brought under federal law." *Blount v. Stroud and Jovon Broadcasting, WJYS-TV 62/34*, 877 N.E.2d 47, 2007 Ill. App. LEXIS 1052 at *23 (1st Dist. 2007); *Meehan v. Illinois Power Co.*, 347 Ill. App. 3d 761, 768, 808 N.E.2d 555, 563, 283 Ill. Dec. 589 (5th Dist. 2004); *Faulkner-King v. Wicks*, 226 Ill. App. 3d 962, 970-71, 590 N.E.2d 511, 518, 168 Ill. Dec. 874 (4th Dist. 1992); *Cahoon v. Alton Packaging Corp.*, 148 Ill. App. 3d 480, 482, 499 N.E.2d 522, 523, 101 Ill. Dec. 934 (5th Dist. 1986). Accordingly, plaintiff's federal claims were dismissed from the Circuit Court. (Ex. 1, Comp. ¶ 22)

Plaintiff's attempt to belatedly file a federal complaint here is similar to an attempt rejected in *Sager v. Hunter Corp., et al.,* 665 F. Supp. 575 (N.D. Ill. 1986). There, *Sager* also filed a complaint alleging facts constituting violations of Title VII in the Circuit Court of Cook County after receiving his Right to Sue Letter. *Id.* at 577. After *Sager's* state court complaint was dismissed, he too attempted to file a complaint in federal court under Title VII. *Id.* The district court dismissed *Sager's* action stating that "even if plaintiff's state action was brought under Title VII, the Supreme Court's tolling rules under *Burnett* and *Baldwin County* do not justify tolling here." *Id.* at 580.

Therefore, because plaintiff's Title VII claims have been brought 140 days after the ninety-day requirement, her claims brought under Title VII must be dismissed.

**II.　　Plaintiff Failed To Sufficiently Plead A Cause Of Action For Sexual Harassment Under 42 U.S.C. §1983.**

"*Federal Rule of Civil Procedure 8(a)(2)* requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a *RULE 12(b)(6)* motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* ___ U.S. ___, ___, 127 S.Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (quotation marks, ellipsis, citations and footnote omitted).

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, *RULE 8(a)(2)* still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests." *Id.* at n.3 (quotation marks and citation omitted).

Plaintiff has not pled "grounds" on which a sexual harassment claims could rest. A cause of action for sexual harassment exists under both Title VII and *Section 1983*. *Trautvetter v. Quick,* 916 F.2d 1140, 1148-49 (7th Cir. 1990). "A plaintiff wishing to sustain an equal protection claim of sexual harassment must show both 'sexual harassment' and an 'intent' to harass based upon that plaintiff's membership in a particular class of citizens -- i.e. male or female." *Id.* at 1149. "The gravamen of any sexual harassment claim is that the alleged sexual advances were

'unwelcome.'" *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67, 106 S. Ct. 2399, 2405, 91 L. Ed. 2d 49 (1986). Indeed, "the harassment 'must be sufficiently severe or pervasive "to alter the conditions of [the victim's] employment and create an abusive working environment."'" *City of East Chicago,* 799 F.2d 1180, 1186 (7th Cir. 1986).

In her complaint under the heading "Facts Upon Which Claims Are Based," plaintiff alleges only that she "was referred to as 'bitch' by SULLIVAN on numerous occasions." (Ex. 1, Comp. ¶ 16)   Plaintiff alleges no facts demonstrating any sexually harassing behavior on Sullivan's or any other's behalf.

Therefore, because plaintiff has failed to sufficiently plead a cause of action for sexual harassment under 42 U.S.C. §1983, plaintiff's sexual harassment claim under 42 U.S.C. §1983 must be dismissed.

## **Conclusion**

WHEREFORE, for all of the forgoing reasons, defendants, The County of Cook, Illinois, Cook County Sheriff's Department and John P. Sullivan, respectfully request that plaintiff's complaint be dismissed.

                              Respectfully submitted,

                              Richard A. Devine
                              State's Attorney of Cook County

By:    /s/Donald R. Hallsten, Jr.
          Donald R. Hallsten, Jr.
          Assistant State's Attorney
          500 Richard J. Daley Center
          Chicago, Illinois 60602
          (312) 603-3716
          ARDC No. 6243066