**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CV 2803 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit | ) | Judge John W. Darrah |
| of local Government, COOK COUNTY | ) | |
| SHERIFF'S DEPARTMENT, JOHN P. | ) | Magistrate Judge Denlow |
| SULLIVAN, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

---

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No.   2007 L 12614 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit | ) | Calendar Q |
| Of local Government, COOK COUNTY | ) | Judge Bill Taylor |
| SHERIFF'S DEPARTMENT, JOHN P. | ) | |
| SULLIVAN, in his individual capacity. | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO QUASH THE NOTICES OF DEPOSITION TO SHERIFF TOM
DART, HIS EXECUTIVE STAFF AND FOR A PROTECTIVE ORDER
<u>BARRING SAID DEPOSITIONS</u>**

NOW COME the Defendants, COOK COUNTY, and THE COUNTY OF COOK,

ILLINOIS, a unit of local Government, COOK COUNTY SHERIFF'S DEPARTMENT,

and JOHN P. SULLIVAN, in his individual capacity, by their attorney Anita Alvarez,

Cook County State's Attorney, by Donald R. Hallsten, Jr. and Jamieson B. Bowman,

Assistant State's Attorneys, and hereby move to quash the notices of deposition to Sheriff Tom Dart, his Chief of Staff Brian Townes and Undersheriff Zelda Whittler and for a protective order barring said depositions in this matter. In support of this motion, defendants state as follows:

1. In her amended federal complaint, Plaintiff Kimberly Passananti seeks redress in relation to her March 2007 termination of employment with the Cook County Sheriff's Department. Plaintiff's Complaint puts forth three counts. Count I alleges indemnification against Cook County. Count II alleges sexual discrimination and harassment under Title VII and against Cook County. Count III alleges a "Violation of Equal Protection – Sexual Harassment" under 42 U.S.C. §1983 against all defendants. Plaintiff's Complaint was filed on May 14, 2008.

2. Plaintiff alleges that Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiffs from those hostile and abusive conditions. (Amended Compl. ¶ 30). In support of this claim, Plaintiff principally alleges that she was referred to as a "bitch" by Defendant Sullivan on numerous occasions. (Amended Compl. ¶ 16)

3. Plaintiff alleges that the actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages. (Amended Compl. ¶ 31). Plaintiff's loss of employment occurred following

the County wide reductions in force in March of 2007. (*See* Memorandum Ex. 3, Herrera Dep. Tr. at pp. 51-56, 61-62)

4. In her State claim, Plaintiff seeks redress for defamation under the laws of the State of Illinois. (State Compl. Count I).

5. Discovery in both the federal and state matters was joined by magistrate Judge Denlow.

6. In attempt to establish Plaintiffs allegations, Plaintiff has taken nine (9) depositions in this case, including the depositions of Richard LaBrie, the current Director of the Day Reporting Center "DRC"; John Sullivan the former Director of the DRC, Ricardo Acevedo investigator at the DRC, Anthony Boyle Chief at DRC, Alexis Herrera the budget analyst in President Stroger's Office during the reductions in force, Ricardo Roman investigator at DRC, Brian Ashe investigator at DRC, Charles Holman former internal affairs investigator at DRC and Dan Romeo Chief at DRC. Defendants have confirmed the tenth deposition to be taken of Joe Logue, former head of the Department of Community Supervision and Intervention, "DCSI" for April 29, 2010.

7. There have been no allegations, nor any evidence that Sheriff Dart or his executive staff had any involvement with the alleged discriminatory conduct at the DRC. There has been no evidence or testimony that Sheriff Dart or his executive staff participated in the decision to eliminate the position held by Plaintiff during the reduction in force. (*See* Memorandum Ex. 3, Herrera Dep. Tr. at pp. 51-56, 61-62) Rather, Herrera's testimony confirms that the Sheriff's Office actually requested that plaintiff's position be funded by the County in 2007. (*Id.*)

8. Nonetheless, plaintiffs want to depose Sheriff Dart, his Chief of Staff Brian Townes and Undersheriff Zelda Whittler. (Memorandum Ex. 1, Pls. Notices of Dep.) This court should quash the subpoena for the deposition of Sheriff Tom Dart, his Chief of Staff Brian Townes and Undersheriff Zelda Whittler and should issue a protective order barring the deposition for two reasons—Plaintiff cannot demonstrate that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source, and; (2) the deposition would significantly interfere with the ability of the official to perform his governmental duties. *Marisol A. v. Guiliani*, 1998 U.S. Dist. LEXIS 3719,*6-7 (S.D.N.Y.1998); *Chicago Reader, Inc., et al., v. Sheahan, et al.,* 192 F.R.D. 586 (N.D. Ill. 2000).

**WHEREFORE**, For the reasons set forth above and for the reasons set forth in the attached memorandum of law in support of defendants' motion to quash the notice of the Sheriff and his executive staffs' depositions and motion for a protective order barring said depositions, defendants respectively requests that this Honorable Court enter an order quashing plaintiffs' notice of deposition for Tom Dart, Brian Townes and Zelda Whittler and enter a protective order barring said depositions. In the alternative, Sheriff Dart requests that plaintiffs be required to issue interrogatories designed to test whether Sheriff Dart or any of his executive staff have any relevant and admissible information before they is required to sit for a deposition.

    Respectfully submitted,

    ANITA ALVAREZ
    State's Attorney of Cook County

By:  /s/ Donald R. Hallsten, Jr.
    Jamieson B. Bowman
    Donald R. Hallsten, Jr.

Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3716
A.R.D.C.# 6243066