IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CV 2803 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit | ) | Judge John W. Darrah |
| of local Government, COOK COUNTY | ) | |
| SHERIFF'S DEPARTMENT, JOHN P. | ) | Magistrate Judge Denlow |
| SULLIVAN, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

_____

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No.    2007 L 12614 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit | ) | Calendar Q |
| Of local Government, COOK COUNTY | ) | Judge Bill Taylor |
| SHERIFF'S DEPARTMENT, JOHN P. | ) | |
| SULLIVAN, in his individual capacity. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH THE
NOTICES OF DEPOSITION TO SHERIFF TOM DART, HIS EXECUTIVE STAFF AND
<u>FOR A PROTECTIVE ORDER BARRING SAID DEPOSITIONS</u>**

NOW COME the Defendants, COOK COUNTY, and THE COUNTY OF COOK, ILLINOIS, a unit of local Government, COOK COUNTY SHERIFF'S DEPARTMENT, and JOHN P. SULLIVAN, in his individual capacity, by their attorney Anita Alvarez, Cook County State's Attorney, by Donald R. Hallsten, Jr. and Jamieson B. Bowman, Assistant State's

Attorneys, and hereby move to quash the notices of deposition to Sheriff Tom Dart, his Chief of Staff, Brian Townes and Undersheriff, Zelda Whittler and for a protective order barring said depositions in this matter. In support thereof, Defendants submits this Memorandum of Law.

## II. ARGUMENT

The notice of deposition should be quashed and a protective order barring the deposition should issue because the Plaintiffs are unable to demonstrate that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere the with ability of the official to perform his governmental duties. *Marisol A. v. Guiliani,* 1998 U.S. Dist. LEXIS 3719, *6-7 (S.D.N.Y. 1998). Moreover, plaintiffs are required to show a "real need" for a high ranking government official's testimony before he is taken away from his work to spend time answering a lawyer's questions. See *Olivieri v. Rodriguez,* 122 F.3d 406, 409 (7th Cir. 1997) Plaintiffs are unable to show that the information they are seeking is not available from depositions of other persons, or that it cannot be obtained through interrogatories or other discovery devices. As is apparent on the face of the notices for deposition, plaintiff is seeking testimony from the Sheriff, the Chief of Staff Brian Townes and Under Sheriff Zelda Whittler. (Ex. 1, Pls. Notices of Dep.)

**I.  SHERIFF DART AND HIS EXECUTIVE STAFF ARE ENTITLED TO THE ENTRY OF A PROTECTIVE ORDER BECAUSE THEIR DEPOSITIONS ARE NOT NECESSARY IN ORDER TO OBTAIN RELEVANT INFORMATION.**

Plaintiff must show a "real need" for a high-ranking government official's testimony before he is taken away from his work to spend time answering a lawyer's questions. See *Olivieri v. Rodriguez*, 122 F. 3d 406,409 (7th Cir. 1997). In the instant case, Plaintiff cannot show that the information she seeks is not available from depositions of other persons, or that it cannot be obtained through interrogatories or other discovery devices.

Plaintiff, Kimberly Passananti, brings this complaint in relation to her March 2007 termination of employment with the Cook County Sheriff's Department. Plaintiff's Complaint puts forth three counts. Count I alleges indemnification against Cook County. Count II alleges sexual discrimination and harassment under Title VII and against Cook County. Count III alleges a "Violation of Equal Protection – Sexual Harassment" under 42 U.S.C. §1983 against all defendants. Plaintiff's Complaint was filed on May 14, 2008.

Plaintiff has not alleged that Sheriff Tom Dart nor his executive staff were witnesses to, or had any knowledge of the events that allegedly occurred at the Day Reporting Center that are the subject of this complaint. Moreover, plaintiff testified that she did not submit a complaint regarding alleged harassment to either the Sheriff's Internal Affairs Department or the Office of the Inspector General. (Ex. 2, Pls. Dep. Tr. at pp. 163-164) There are witnesses that have first knowledge of the alleged incident that occurred between defendant Sullivan and Plaintiff. The Plaintiff has deposed the alleged witnesses.

Moreover, defendants have produced the witness who made the decision that led to plaintiff's position being eliminated during the reductions in force that occurred in 2007. Alexis Herrera, budget analyst in President Stroger's Office, testified to the process which led to Plaintiff's loss of employment following the County wide reductions in force in March of 2007. (Ex. 3, Herrera Dep. Tr. at pp. 51-56) Herrera testified that the Sheriff's Office actually submitted a budget request to the President's Office requesting that plaintiff's position be funded in 2007; that the President's Office approved that request; and, that the request was denied by the Cook County Board. (*Id.*) Herrera further testified that it was her recommendation alone – without consultation with the Sheriff's Office – that the positions eliminated from the Sheriff's Office in 2007, including plaintiff's, were the recommendations approved by the County Board. (*Id.*); (Ex. 3, Herrera Dep. Tr.

at pp. 61-62). (Plaintiff has taken the depositions of the current and former directors of the DRC, where she worked. Plaintiff has also taken depositions of employees at the DRC. Given that the Sheriff's Office actually requested that plaintiff's position be funded in 2007 and that a non-Sheriff's employee testified that it was her recommendation alone to eliminate plaintiff's position, neither the Sheriff nor his executive staff will add relevant or admissible testimony in the case.

It is well-settled that high ranking governmental officials should not be subject to deposition unless the testimony sought will lead to admissible evidence relevant to the disposition of the case. This standard arises out of well-placed concern that busy officials should not be prevented from attending to their official duties by having to spend their time giving depositions in cases arising out of the performance of their official duties when that information is readily available through another source or via a less intrusive method of discovery. *See, Olivieri,* 122 F.3d at 409-10. In addition, adherence to these principles is necessary to relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision-making. *See, United States v. Morgan,* 313 U.S. 409, 422 (1941).

**II. DEPOSING SHERIFF TOM DART, HIS CHIEF OF STAFF BRIAN TOWNES AND UNDERSHERIFF ZELDA WHITTLER IS UNDULY BURDENSOME.**

This Court should preclude Plaintiff from deposing Sheriff Tom Dart, his Chief of Staff Brian Townes and Undersheriff Zelda Whittler pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, because deposing Sheriff Tom Dart or his executive staff is unnecessary and unduly burdensome. Rule 26(c) provides, in relevant part, that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including the entry of a protective order precluding certain discovery

from taking place. Fed.R.Civ.P.26(c): see also *Olivier v. Rodriguez*, 122 F.3d 406,409 (7th Cir. 1997). In *Olivieri*, the court observed that "[P]re-trial discovery is time-consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping right reins on it." 122 F.3d at 409. This court has broad discretion under Rule 26 to quash or supervise discovery that is oppressive or unduly burdensome or unnecessary. *Id*.

There can be no dispute that, as Sheriff of Cook County, Thomas Dart qualifies as a busy and high level government official. While, Cook County Jail is one of the largest, single site pre-trial facilities in the United States employing more than 3,000 correctional officers, administrators and other line staff, it accounts for only a part of Sheriff's Dart daily responsibilities. Sheriff Dart's daily responsibilities also include the Cook County Sheriff's Police Department which is the third largest police department in the State of Illinois, with more than 500 sworn officers and more than 100 civilian personnel among his daily legislative and administrative responsibilities. The demands on Sheriff Tom Dart and his executive staff are extensive. The Sheriff has the duty of serving, executing and returning "all warrants, process, orders and judgments of every description that may be legally directed or delivered to [the Sheriff's office]." *See, e.g*., 55 ILCS 5/3-6023 (1999). The Sheriff is further required "in person, or by deputy, [to] attend upon all courts held in [the County] when in session, and obey the lawful orders and direction of the court." See, *e.g*.,55 ILCS 5/3-6023 (1999). The Sheriff is also the custodian of courthouses in the County and the custodian of the Jail. *See, e.g*., 55 ILCS 5/3-6017(1999). The Sheriff is responsible for operating and maintaining the Cook County Jail. *Id*. The Sheriff is responsible for overseeing all operational issues relating to labor management in the Sheriff's office.

In short, the Sheriff's office provides a myriad of services protecting people and property within the County. These services affect the 5.1 million residents of a County that includes the nation's

second largest city. In attending to the affairs of the Sheriff's office, Mr. Dart and his executive staff qualify as busy and high-level government officials. As such, neither the Sheriff nor his executive staff should not be required to spend time giving depositions in cases where relevant testimony is easily obtained from other sources. In the present matter, plaintiff ostensibly recognizes this by seeking depositions of the officials charged with operating the facility at issue as well as certain supervisors and other employees of that facility that may have had responsibilities and obligations delegated to them. Moreover, Plaintiffs have already deposed Alexis Herrera, the budget analyst in President Stroger's Office, who independently of the Sheriff, made the decisions which directly led to Plaintiff's loss of employment. (*See* Ex. 3, Herrera Dep. Tr. at pp. 51-56, 61-62). The availability of information from these other individuals leaves only one logical conclusion: the only reason that plaintiff is seeking the deposition of Sheriff Dart and his executive staff is to embarrass or oppress the Sheriff.

Because deposing Sheriff Tom Dart, his Chief of Staff Brian Townes and Undersheriff Zelda Whittler will interfere with the Sheriff's ability to run the Cook County Sheriff's Office, it is improper to compel Sheriff Tom Dart or his executive staff to appear for a deposition unless the plaintiff can show its necessity. See *Cornejo v. Landon*, 524 F. Supp. 118,122 (N.D.Il1. 1981) (stating that this rule is designed to "relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiry into the mental processes of agency decision making"), *see also Sweeny v. bond*, 669 F.2d 542,546(8th Cir.), *cert, denied*, *Schenberg v. Bond*, 459 U.S. 878 (1982); *cf United States v. Morgan*, 313 U.S. 409,422 (1941).

Plaintiff cannot satisfy his burden, and it is unnecessary to depose Sheriff Tom Dart or his executive staff. As stated above, Sheriff Tom Dart nor his executive staff are parties to this action,

nor was he or his staff witnesses to any of the events that led to this cause of action. Plaintiff is merely trying to use the burden, annoyance, and the potential for embarrassment of a deposition to pressure defendant into settling rather than make efficient use of available discovery.

### III. IN THE ALTERNATIVE ALLOW WRITTEN INTERROGATORIES

In the alternative, a less intrusive method of discovery to determine whether Sheriff Dart has any knowledge should be employed before he is required to sit for a deposition. The method invoked by the District Court pursuant to Fed.R.Civ.P. 26(c)(3) and approved by the Seventh Circuit in *Olivieri,* should be followed in this case. *See also Chicago Reader, Inc. v. Sheahan*, 192 F.R.D. 586 (N.D. Ill. 2000) (Moran, J.) (quashing the notice for the Sheriff's deposition and authorizing the plaintiffs to submit six questions to the Sheriff pursuant to Fed. Rule Civ. P. 31 to be answered by the Sheriff orally, under oath, at his convenience) (Order attached as Ex. 4). If the Court is not inclined to bar the deposition outright, the plaintiff should be required to issue interrogatories to determine whether Sheriff Dart has any relevant and admissible information. *Id*.

### CONCLUSION

**WHEREFORE,** defendants respectively requests that this Honorable Court enter an order quashing plaintiffs' notice of deposition for Tom Dart, Brian Townes and Zelda Whittler and enter a protective order barring said depositions. In the alternative, Sheriff Dart requests that plaintiff be required to issue interrogatories designed to test whether Sheriff Dart or any of his executive staff have any relevant and admissible information before they is required to sit for a deposition.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:    <u>s/ Donald R. Hallsten, Jr.</u>
        Donald R. Hallsten, Jr.
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-3716
        A.R.D.C.# 6281059