THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008 CV 2803 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit | ) | |
| of local Government, COOK COUNTY | ) | |
| SHERIFF'S DEPARTMENT, JOHN P. | ) | |
| SULLIVAN, in his individual capacity. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### PLAINTIFF'S MOTION TO CONVERT MOTION TO COMPEL TO MOTION FOR RULE TO SHOW CAUSE AND FOR OTHER RELIEF AND REPLY

The Plaintiff, by counsel, Andreou & Casson, Ltd., respectfully presents her motion to convert her motion to compel and moves the Court to enter an order barring the Defendants from presenting evidence at trial, and in support thereof states as follows:

1. On May 4, 2010 the Court heard argument on the Defendants' Motion to Quash and ruled that the Plaintiff was given leave to issue Supplemental Executive Staff Interrogatories to Mr. Dart and Mr. Townes. The Court further directed the Defendants to answer the interrogatories immediately but did not state a date on which they must be answered.

2. On May 5, 2010 the Plaintiff issued those interrogatories as directed by the Court consisting of 11 and 13 questions respectively.

3. On May 21, 2010 the Plaintiff received the Defendants answers to the Supplemental Interrogatories.

4. On May 25, 2010 the Defendants filed their response to the Plaintiff's motion to compel asserting, inter alia, that the Plaintiff failed to comply with L.R. 37.2 and attempt to resolve a discovery dispute. In its motion, the Defendants effectively admit that they ignored the Court's May 4, 2010 order.

5. The Plaintiff now moves to convert the motion to compel to a rule to show cause for its apparent willful refusal to comply with the Court's May 4, 2010 order.

6. Further, the Defendants motion is simply incorrect in its facts and has willfully mislead the Court on the applicable law.

7. The Court ordered the Defendant to comply with the Supplemental Interrogatories and, therefore, the Plaintiff is not obligation to "negotiate" compliance" the Court had already done that.

8. In addition, the Plaintiff made every effort to accommodate the Defendants up until the time, May 19, 2010, that the agreed compliance date was ignored.

9. It appears from the Defendants admissions in its response that the Defendants were calculating in its dilatory submission of the Supplemental Interrogatory responses, alleging that the responses were mailed on May 19, 2010 knowing that they would not be received until AFTER the due date for the Pretrial Order and delaying any request for the oral depositions of Sheriff Dart and Mr. Townes. See Response at ¶5.

10. The Defendants, additionally, allege that the Plaintiff made no effort to resolve any "dissatisfaction" with the production. This is simply and knowingly false. It is so because counsel for the Defendants and Plaintiff's counsel had a telephone conference on Thursday, May 13 and Friday, May 14, on which the Defendants

advised that the answers to the interrogatories would be provided on May 17 and then May 19. Defense counsel confirmed that fact in writing. See Exhibit 1.

11. When the Interrogatories were not received on May 19 as promised, counsel for the Plaintiff sent two additional letters regarding the interrogatories. See Exhibits 2 and 3.

12. Moreover, the Defendants had the audacity to send an accompanying document to the interrogatories by fax on May 20th without delivering the answers themselves.

13. The Defendants actions display a willful and contumacious disregard for the Courtøs order, its pretrial procedure and the trial schedule established by the Court.

14. Finally, the Defendants argue that the Plaintiff has failed to adhere to L.R. 16.1. Given the Defendants admission that they did not provide the remaining discovery as ordered, did not respond to any of the inquiries, and have not responded to or objected to any parts or portions of the Pretrial Order, the Defendants argument is without merit.

WHEREFORE, the Plaintiff, KIMBERLY PASSANANTI, respectfully requests that this Court grant the Plaintiff's motion, issue an order directing the Defendants to show cause why they should not be held in direct civil contempt, enter an order barring the Defendants from asserting or presenting any evidence on liability and enter judgment thereon, or fashioning an appropriate sanction against the Defendants for their dilatory tactics and for all other relief just and proper in the premises.

Respectfully submitted,

Andreou & Casson, Ltd.

By: */s/ Luke A. Casson*
      Luke A. Casson

Luke A. Casson
ANDREOU & CASSON, LTD.
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
(312) 935-2000 / (312) 935-2001