THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008 CV 2803 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit | ) | |
| of local Government, COOK COUNTY | ) | |
| SHERIFF'S DEPARTMENT, JOHN P. | ) | |
| SULLIVAN, in his individual capacity, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION IN LIMINE #1**
**(TO BAR THE TESTIMONY OF EDWARD HEALY, ZELDA WITTLER AND ROSEMARIE NOLAN)**

Now come the Plaintiff by their attorneys, Andreou & Casson, Ltd. and move for an Order in Limine barring the testimony at trial of Edward Healy, Zelda Wittler and Rosemarie Nolan. In support of this Motion, Plaintiffs state the following:

1. On May 6, 2010 the Defendants served on the counsel for the Plaintiff their answers to Requests to Admit.

2. In response to Request 10, the Defendants denied that the Plaintiff possessed all of the qualifications for appointment to Director of Day Reporting Unit and stated affirmatively that Rosemarie Nolan would testify that Passananti did not possess all of those qualifications.

3. The Defendants issued Disclosures Pursuant to Rule 26(a) in this matter and answers to interrogatories. See Exhibits A and B. The Defendants listed

Rosemarie Nolan as a witness but failed to provide any subject matter for which she was offered.

4. In subsequent discussions with counsel for the Defendants, the Defendants offered Alexis Herrera as one who would have more appropriate knowledge. The Defendants have never offered Ms. Nolan as a witness with knowledge of any subject matter relevant to this matter.

5. On May 31, 2010 at 5:10 pm counsel for the Plaintiff received the Defendantsq portions of the Pretrial Order.

6. The Defendants list both Edward Healy and Zelda Whittler as trial witnesses.

7. Edward Healy is not, in fact, listed as a person with knowledge in the DefendantsqRule 26(a) Disclosure served on the Plaintiff on or about March, 2009.

8. Zelda Whittler, likewise, is not listed as a person with knowledge in either the DefendantsqRule 26(a) Disclosures or Interrogatory answers.

9. Further, the Plaintiff noticed the deposition of Ms. Whittler on three occasions when discovery was open and the Defendants refused to produce her in discovery.

10. The purpose of discovery is to provide each party with adequate advance notice of issues to be tried by the Court.

11. A party who fails to disclose information required under the Federal Rules of Civil Procedure is not permitted to use such information at trial not so disclosed. FRCP 37(c)(1).

12. The Plaintiff would be unduly and unjustly prejudiced by the presentation of witnesses whose testimony and knowledge she has not had an opportunity to discovery as permitted by Fed.R.Civ.P. 26.

13. The Defendants should be barred from presenting witnesses at trial who they have failed or refused to disclose as witnesses in discovery and otherwise comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

WHEREFORE, Plaintiffs respectfully pray that this Court enter an Order in Limine barring counsel from inquiring or offering testimony from Rosemarie Nolan, Edward Healy and Zelda Whittler for the Defendants failure to properly and adequately disclosing them in discovery.

                              Respectfully Submitted,

                              By: _____
                                  Luke A. Casson

Luke A. Casson
Andreou & Casson, Ltd.
661 West Lake St., Suite 2N
Chicago, IL 60661
312.935.2000/ **312.935.2001**