THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008 CV 2803 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit of local Government, COOK COUNTY SHERIFF'S DEPARTMENT, JOHN P. SULLIVAN, in his individual capacity. | ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S MOTION IN LIMINE #4

The Plaintiff, by counsel, Andreou & Casson, Ltd., respectfully presents her motion in limine to enter an order barring the Defendants from presenting evidence at trial, and in support thereof states as follows:

1. On May 4, 2010 the Court heard argument on the Defendants' Motion to Quash and ruled that the Plaintiff was given leave to issue Supplemental Executive Staff Interrogatories to Mr. Dart and Mr. Townes. The Court further directed the Defendants to answer the interrogatories immediately but did not state a date on which they must be answered.

2. On May 5, 2010 the Plaintiff issued those interrogatories as directed by the Court consisting of 11 and 13 questions respectively.

3. On May 21, 2010 the Plaintiff received the Defendants answers to the Supplemental Interrogatories.

4. On May 25, 2010 the Defendants filed their response to the Plaintiff's motion to

compel asserting, inter alia, that the Plaintiff failed to comply with L.R. 37.2 and attempt to resolve a discovery dispute. In its motion, the Defendants effectively admit that they ignored the Court's May 4, 2010 order.

5. Further, the Defendants motion is simply incorrect in its facts and has willfully mislead the Court on the applicable law.

6. The Court ordered the Defendant to comply with the Supplemental Interrogatories and, therefore, the Plaintiff is not obligation to "negotiate" compliance – the Court had already done that.

7. In addition, the Plaintiff made every effort to accommodate the Defendants up until the time, May 19, 2010, that the agreed compliance date was ignored.

8. It appears from the Defendants admissions in its response that the Defendants were calculating in its dilatory submission of the Supplemental Interrogatory responses, alleging that the responses were mailed on May 19, 2010 knowing that they would not be received until AFTER the due date for the Pretrial Order and delaying any request for the oral depositions of Sheriff Dart and Mr. Townes. See Response at ¶5.

9. The Defendants, additionally, allege that the Plaintiff made no effort to resolve any "dissatisfaction" with the production. This is simply and knowingly false. It is so because counsel for the Defendants and Plaintiff's counsel had a telephone conference on Thursday, May 13 and Friday, May 14, on which the Defendants advised that the answers to the interrogatories would be provided on May 17 and then May 19. Defense counsel confirmed that fact in writing. See Exhibit 1.

10. Moreover, the Defendants had the audacity to send an accompanying document to

the interrogatories by fax on May 20th without delivering the answers themselves.

11. The Defendants actions display a willful and contumacious disregard for the Court's order, its pretrial procedure and the trial schedule established by the Court.

12. Given the Defendants admission that they did not provide the remaining discovery as ordered, did not respond to any of the inquiries, and have not responded to or objected to any parts or portions of the Pretrial Order, the Defendants argument is without merit.

13. The Defendants willful refusal to abide by the Court's prior order has significantly prejudiced the Plaintiff's ability to prepare for trial.

14. The Plaintiff is entitled to rely on a party's good faith compliance with orders of the Court.

15. Fed.R.Civ.P. 37 permits the Court to fashion relief in a manner which is just and appropriate under the circumstances.

16. Here, the appropriate sanction is the barring of any defense to liability. The Defendants have maintained throughout this litigation that the Plaintiff's termination was the result of a budgetary reduction in force. However, at every turn, the Defendants have refused to provide documents in response to relevant inquiries and failed to produce witnesses with relevant knowledge of the budget and personnel decisions during 2007 to 2009.

17. The Plaintiff cannot now be expected to rebut such arguments before the jury where the Defendants have deprived her of the very information necessary to answer such allegations.

WHEREFORE, the Plaintiff, KIMBERLY PASSANANTI, respectfully requests that this Court enter an order in limine barring the Defendants from asserting or presenting any evidence on liability and enter judgment thereon, or fashioning an appropriate sanction against the Defendants for their dilatory tactics and for all other relief just and proper in the premises.

                Respectfully submitted,

                Andreou & Casson, Ltd.

                By: **/s/ Luke A. Casson**
                      Luke A. Casson

Luke A. Casson
ANDREOU & CASSON, LTD.
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
(312) 935-2000 / (312) 935-2001