### THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008 CV 2803 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit | ) | |
| of local Government, COOK COUNTY | ) | |
| SHERIFF⁄S DEPARTMENT, JOHN P. | ) | |
| SULLIVAN, in his individual capacity. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### PLAINTIFF'S MOTION TO COMPEL THE APPEARANCE OF THOMAS DART OR, IN THE ALTERNATIVE, FOR ADMISSION OF RESPONSES TO SUPPLEMENTAL INTERROGATORIES INTO EVIDENCE

The Plaintiff, by counsel, Andreou & Casson, Ltd., respectfully presents her motion to compel the appearance at trial of Thomas Dart or, in the alternative, for admission of responses to supplemental interrogatories into evidence and in support thereof states as follows:

1. On June 1, 2010 the Court held its pretrial conference with the counsel for the Parties.

2. At the end of the conference, the Defendants requested that the Court bar the Plaintiff from calling Thomas Dart as a witness at trial.

3. Counsel for the Defendants suggested to the Court that "the answers to interrogatories that were provided demonstrate that they (Mr. Dart and Mr. Townes) don⁄t have any applicable knowledge in this case. Their answers to

interrogatories are free to be used as exhibits, if necessary.ö See Conference Transcript, p. 26.

4.  Since the conference, the Defendants have apparently changed course.

5.  Generally, interrogatory answers are not hearsay with respect to the party making the answer because they are party admissions. ***Underberg v. U.S.,*** 362 F.Supp.2d 1278, 1283 (D.N.M.2005). The answers also may be changed by the responding party. ***U.S. v. Amerigroup Illinois, Inc***., 230 F.R.D. 538, 541 (N.D.Ill.2005). However, use of the Supplemental Interrogatory answers, without a witness to lay the evidentiary foundation for the answers, may be inadmissible as hearsay. FRE 802. Likewise, Mr. Dartøs answers to the interrogatories do not meet the requirements of FRE 804(b)(1)(former testimony) or FRE 803(5)(recorded recollection) where the Declarant is not unavailable to testify.

6.  In order to comply with the Courtøs direction and admonition, on June 2, 2010 the Plaintiff tendered a stipulation as to Mr. Dart to Defendantsøcounsel suggesting that the stipulation be read to the jury in lieu of calling Mr. Dart to testify. See Exhibit 1-Dart Stipulation.

7.  On June 3, 2010 counsel for the parties had a telephonic conference regarding the stipulation. Defendants counsel took issue with the paragraphs 2-4. Upon referring directly to Mr. Dartøs answers to the interrogatories and confirming the accuracy of the language of the stipulation vis-à-vis the interrogatories, counsel for the Defendants rejected the stipulation.

8.  Plaintiff then offered a compromise to simply agree to read the interrogatories to the jury as substantive evidence. That suggestion, too, was rejected.

9.  On June 4, 2010, Defendants counsel sent a letter to Plaintiff asserting their intent to seek sanctions against the Plaintiff if the subpoena to Mr. Dart was not withdrawn. Exhibit 2.

10. In response, Plaintiff again suggested a method to avoid calling Mr. Dart as a witness at trial. Exhibit 3.

11. The Plaintiff seeks to use as substantive evidence at trial, to be read to the jury, the following statements:

a.  That Thomas Dart was the Sheriff of Cook County at the time of Plaintiff's termination.

b.  That the job descriptions provided in Exhibit 4 are the official job descriptions for the Director and Deputy Director of the Day Reporting Center.

c.  That Thomas Dart has no personal knowledge of any conversations with Kimberly Passananti regarding the operation of the Day Reporting Center.

d.  That during the time frame of August 2006 to March 2007 John Sullivan and Kimberly Passananti directed the Day Reporting Center.

12. The Plaintiff has been reasonable in her efforts to avoid unnecessarily calling Mr. Dart at trial. The Defendants, on the other hand, resorted to coercive tactics under the rubric of the Court's admonitions at pretrial conference.

13. The Plaintiff seeks to admit as substantive evidence the statements noted above. However, without an agreement of the parties or a ruling by the Court as to the admission of those statements, the answers to interrogatories cannot be presented to the jury.

WHEREFORE, the Plaintiff, KIMBERLY PASSANANTI, respectfully requests that this Court grant her motion to compel the trial testimony of Mr. Dart or, in the alternative, that the Plaintiff be permitted to read Mr. Dart's answers to interrogatories to the jury and that the Court receive the answers as substantive evidence, and for all other relief just and proper in the premises.

Respectfully submitted,

Andreou & Casson, Ltd.

By: */s/ Luke A. Casson*
        Luke A. Casson

Luke A. Casson
ANDREOU & CASSON, LTD.
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
(312) 935-2000 / (312) 935-2001