*MHN*

08 C 2803

Passananti v. County of Cook, Illinois

Jury Instructions

Judge Darrah

6/9/10

**FILED**

6-9-2010

JUN 9 2010

JUDGE JOHN W. DARRAH
UNITED STATES DISTRICT COURT

## 1.01 FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

*all*

*given*

## 1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

1.04 EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## 1.06 WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

1.07 NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## 1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

1.09 LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## 1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of something. Circumstantial evidence is proof of a fact, or a series of facts, which tend to show something, is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## 1.13 TESTIMONY OF WITNESSES

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## 1.14 PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether in concerns an important fact of an unimportant detail.

## 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## 1.24 DEMONSTRATIVE EXHIBITS

Certain summary budget charts have been shown to you. Those charts are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## 1.25 MULTIPLE CLAIMS;MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against the other defendant or only as to other claims.

## 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

2.05 STIPULATIONS OF FACT

The parties have stipulated, or agreed, that the Plaintiff was a member of a protected class, female, and that her performance of her duties as Deputy Director of the Day Reporting Center was not the reason for her termination. You must now treat these facts as having been proved for the purpose of this case.

## 3.01 GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS

The Plaintiff claims that she was reassigned and then terminated by Defendant because of her gender. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that she was reassigned, and terminated by the Defendant because of her gender. To determine that Plaintiff was reassigned, and terminated because of her gender, you must decide that Defendant would not have reassigned and terminated Plaintiff had she been a male but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for the Defendants.

3.03 PATTERN OR PRACTICE

Plaintiff claims that Defendant Sheriff's Office had a pattern or practice of discriminating against women. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that gender discrimination was Defendant Sheriff's Office's regular practice, rather than something unusual. If you find that Plaintiff has not proved this, you must find for Defendant Sheriff's Office.

If you find that Plaintiff has proved that Defendant Sheriff's Office had a pattern or practice of discriminating, then you must answer another question: Did the Defendant Sheriff's Office prove by a preponderance of the evidence that it would have reassigned or terminated Plaintiff even if it had not made a regular practice of gender discrimination? If you find that Defendant Sheriff's Office has proved this by a preponderance of the evidence, your verdict should be for Defendant. If you find that Defendant has not proved this, your verdict should be for Plaintiff.

## 3.05B SUPERVISOR HARASSMENT WITH NO TANGIBLE EMPLOYMENT ACTION

Plaintiff also claims that she was sexually harassed by John Sullivan and that Defendant Cook County Sheriff's Office is liable for Sullivan's actions. To succeed on this claim, Plaintiff must prove six things by a preponderance of the evidence.

1.  John Sullivan was plaintiff's supervisor. A supervisor is someone who can affect the conditions of Plaintiff's employment. By this I mean someone who has the power to hire, fire, demote, promote, transfer or discipline Plaintiff significantly change Plaintiff's benefits;

2.  The Plaintiff was subjected to sexual harassment.

3.  The conduct was unwelcome;

4.  The conduct occurred because Plaintiff was female;

5.  The conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

6.  At the time the conduct occurred, Plaintiff believed that the conduct made her work environment hostile or abusive.

To decide whether a reasonable person would find Plaintiff's work environment hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct, its severity, its duration, whether it was physically threatening or humiliating, and whether it unreasonably interfered with the Plaintiff's work performance. No single factor is required in order to find a work environment hostile or abusive.

If you find that Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for the Defendant Cook County Sheriff's Office. If, on the other hand, Plaintiff has proved each of these things, you must go on to consider whether Defendant Cook County Sheriff's Office has proved two things by a preponderance of the evidence:

1.  Defendant Cook County Sheriff's Department exercised reasonable care to prevent and correct any harassing conduct in the workplace.
2.  Plaintiff unreasonably failed to take advantage of opportunities provided by Defendant to prevent or correct harassment, or otherwise avoid harm.

If you find that Defendant Cook County Sheriff's Department has proved these two things by a preponderance of the evidence, your verdict should be for Defendant Cook County Sheriff's Department. If you find that Defendant Cook County Sheriff's Department has not proved both of these things, your verdict should be for Plaintiff.

Essential Elements of §1983 Claim Against Defendant John Sullivan

In order to prevail on her §1983 claims against defendant, John Sullivan, plaintiff must prove each of the following elements by a preponderance of the evidence:

First: that Defendant intentionally discriminated against plaintiff in the terms and conditions of her employment in the basis of her sex;


and;


Second: that Defendant discriminated against plaintiff in the terms and conditions of her employment under color of state law or authority;

and


Third: that Defendant's act or acts were the proximate or legal cause of damages by the plaintiff.

7.03 General: "Under Color of Law"

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.

If you find that Plaintiff has proved her claim by a preponderance of the evidence, you must consider whether the Cook County Sheriff's Office is also liable to Plaintiff. The Cook County Sheriff's Office is not responsible simply because it employed Sullivan. The Cook County Sheriff's Office is liable if Plaintiff proves by a preponderance of the evidence that Defendant's conduct was a result of its official policy.

When I use the term "official policy", I mean:

- A rule or regulation passed by the Cook County Sheriff's Office.

- A decision or policy statement made by Sheriff Dart, who is a policy-making official of the Cook County Sheriff's Office. This includes Sheriff Dart's approval of a decision or policy made by someone else, even if that person is not a policy-making official.

- A custom of gender discrimination that is persistent and widespread, so that it is the Cook County Sheriff's Office's standard operating procedure. A persistent and widespread pattern may be a custom even if the Cook County Sheriff's Office has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue.

## 3.09 DAMAGES: GENERAL

If you find that Plaintiff has proved any of her claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of her claims, then you will not consider the question of damages.

3.10 COMPENSATORY DAMAGES

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

1.      The physical and mental/emotional pain and suffering and disability or loss of normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff or the injury she has sustained.

2.      The reasonable value of medical care that Plaintiff reasonably needed and actually received [as well as the present value of the care that she is reasonably certain to need and receive in the future.

3.      The reasonable value to the Plaintiff's diminished employment opportunities in her field of training, experience and expertise.

3.11 BACK PAY

      If you find that Plaintiff has proven her claim of discrimination by a preponderance of the evidence, you may award her as damages any lost wages and benefits she would have received from the Defendant if she had not been terminated, minus the earnings and benefits that Plaintiff received from other employment during that time that she would not otherwise have received. It is Plaintiff's burden to prove that she lost wages and benefits and their amount. If she fails to do so for any periods of time for which she seeks damages, then you may not award damages for that time period.

## 3.13 PUNITIVE DAMAGES

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant John Sullivan. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant Sullivan and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant Sullivan. You may assess punitive damages only if you find that his conduct was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant Sullivan's conduct;

- the impact of Defendant Sullivan's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant Sullivan;

- the likelihood that Defendant Sullivan would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

## 1.33 COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## 1.34 DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdicts whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KIMBERLY PASSANANTI,        )
                                         )
        Plaintiff,         )
                                         )
vs.                              )   Case No. 08 CV 2803
                                         )
THE COUNTY OF COOK, ILLINOIS, a   )   Judge John W. Darrah
unit of local Government, COOK        )
COUNTY SHERIFF'S DEPARTMENT,   )   Magistrate Judge Denlow
JOHN P. SULLIVAN, in his individual   )
capacity.                           )
                                         )
        Defendants.        )
                                         )

## VERDICT FORM A

We the jury, with respect to the claims of the plaintiff, find as follows:

     As to the Title VII-Sexual Discrimination

     For Plaintiff           For Cook County Sheriff

     _____         _____

If you have found for Defendant Cook County Sheriff do not proceed further, however, if you found for plaintiff, continue to next question.

     As to the Equal Protection – 1983 Sexual Discrimination Claim against John Sullivan

     For Plaintiff                           Against Plaintiff

     _____                      _____

<u>As to the Equal Protection – 1983 Sexual Discrimination Claim against Cook County Sheriff's Office</u>

   For Plaintiff          Against Plaintiff

   _____           _____

[To be completed only if you have found in favor of the plaintiff as to either or both defendants]

We award damages as follows:

Compensatory damages of $_____ against Cook County Sheriff.

Compensatory damages of $_____ against John Sullivan.

Punitive damages*of $_____ against John Sullivan.

_____       _____
Foreperson

_____       _____

_____       _____

_____       _____

Dated: June _____, 2010.

\*    If no punitive damages are to be awarded, fill in the number "0".