THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY PASSANANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008 CV 2803 |
| | ) | |
| THE COUNTY OF COOK, ILLINOIS, a unit | ) | |
| of local Government, COOK COUNTY | ) | |
| SHERIFF'S DEPARTMENT, JOHN P. | ) | |
| SULLIVAN, in his individual capacity. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON JURY VERDICT

NOW COMES the Plaintiff, Kimberly Passananti, by and through her counsel, Andreou & Casson, Ltd., and moves for entry of judgment on the jury verdict rendered on June 10, 2010 and in support thereof states as follows:

1. This matter was tried before a jury beginning on June 7, 2010 and continued from day to day until the jury was charged on June 9, 2010.

2. Prior to the jury being charged the Defendants moved for relief under Rule 50 of the Federal Rules of Civil Procedure.

3. The Court took that motion under advisement and the Defendant completed the remainder of its case in chief.

4. Upon the jury being charged by the Court in the afternoon of June 9, 2010, the jury was sent home for the evening with directions that deliberations would commence at 9:00 am on June 10, 2010.

1

5. The jury deliberated through the course of the day on June 10, 2010.

6. At approximately 3:32 pm the Plaintiff was notified of a communication from the jury to the Court and the Parties were summoned to the Court to discuss the proper instructions to the jury.

7. The parties agreed as to the Court's response to the jury and the Court read the additional instructions to the jury in open court.

8. Subsequently, the jury returned a verdict for the Plaintiff on all counts and awarded the Plaintiff $4,000,000.00 in compensatory damages against Defendant Cook County, $70,000.00 in compensatory damages against Defendant Sullivan, and $30,000.00 in punitive damages against Defendant Sullivan. See Exhibit A.

9. To date, judgment on the verdict has not been entered of record.

10. On June 22, 2010 the Court held a status hearing. Counsel for both parties were present.

11. At that status hearing the Court entered a briefing schedule on the Defendants' Rule 50 motion and permitted the Defendants to file a motion for a finding notwithstanding the verdict by July 21, 2010.

12. Fed.R.Civ.P. 50(a)(2) states, in pertinent part:
    "Motion. A Motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."

13. Fed.R.Civ.P. 50(b) further provides as follows:
    "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment— or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged— the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."

14. Fed.R.Civ.P. 58(b) provides, in pertinent part:
    "(b) Entering Judgment
    (1) Without the Court's Direction. Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

> (A) The jury returns a general verdict…"

15. In this case, the jury returned a general verdict against the Defendants, Cook County Sheriff's Department and John P. Sullivan.

16. Therefore, the clerk *must* enter judgment on the verdict without waiting for the court to act. FRCP 58(b).

17. However, in this case, the delay in the entry of judgment on the jury's verdict undermines the time periods mandated by the Federal Rules of Civil Procedure.

18. By application of Rule 50(b), the Defendants' "Rule 50"[1] motion is converted into a Rule 50(b) motion "of the court does not grant a motion for judgment as a matter of law made under Rule 50(a)."

19. The time limitations mandated by Rule 50(b) cannot be enlarged. Goodman v. Bowdoin College, 380 F.3d 33, 47 (1st Cir. 2004).

20. The effect of the Court's briefing schedule is to artificially enlarge the mandatory time limits enforced by Rule 50(b) and Rule 59 by delaying the entry of judgment on the jury's verdict.

21. Furthermore, the time limitation for bringing a Rule 59(a) motion is founded upon the entry of judgment. See FRCP 59(b). Therefore, the delay in entry of the judgment on the jury's verdict again extends the mandatory time limitations set for filing a timely Rule 59(a) motion.

22. The Plaintiff is further unduly and unfairly prejudiced by the Court's delay in entry of judgment on the jury's verdict. The Plaintiff is entitled to seek, as her additional damages, post judgment interest. The Court's delay in entry of judgment, therefore, results in lost interest of $561.00 per day.

---

[1] The Defendants presented a self-styled "Rule 50" motion at the close of Plaintiff's case. The Court treated the motion as a Rule 50(a) motion for judgment as a matter of law and, therefore, the Plaintiff has also.

WHEREFORE, the Plaintiff respectfully prays that this Court enter judgment on the jury's verdict for the Plaintiff on all counts in the amount of $4,000,000.00 in compensatory damages against Defendant Cook County, $70,000.00 in compensatory damages against Defendant Sullivan, and $30,000.00 in punitive damages against Defendant Sullivan, direct the Clerk of the Court to enter said judgment nunc pro tunc to June 10, 2010, or instanter, and for all other relief just and proper in the premises.

        Respectfully submitted,

        Andreou & Casson, Ltd.

By: */s/ Luke A. Casson*
        Luke A. Casson

Luke A. Casson
ANDREOU & CASSON, LTD.
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
(312) 935-2000 / (312) 935-2001