# United States District Court, Northern District of Illinois

MHW

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | [signature] |
|---|---|---|---|
| **CASE NUMBER** | 08-cv-2803 | **DATE** | 11/10/10 |
| **CASE TITLE** | Passananti v. Cook County et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *Motion to Supplement and Substitute Pleadings* [130] and *Motion to Supplement Motion to Disqualify Judge* [132] are granted. Plaintiff's *Motion to Disqualify Judge John W. Darrah* [127] is denied. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On June 10, 2010, a jury returned a verdict in favor of Plaintiff against Defendants Cook County Sheriff and John Sullivan. On October 7, 2010, the Court granted Defendants' Motion for Judgment as a Matter of Law and entered judgment for Defendants on all counts. On October 18, 2010, Plaintiff filed a motion for reconsideration. Thereafter, on October 25, 2010, Plaintiff filed a *Motion to Disqualify Judge John W. Darrah*, pursuant to 28 U.S.C. § 144. An affidavit by Plaintiff's counsel was filed in support of Plaintiff's motion. At a hearing held on October 26, 2010, counsel for Defendants stated that the motion failed to comply with the requirements of § 144. Plaintiff's counsel stated that the Court was required to refer the motion to another judge, and the Court agreed to do so.

Upon subsequent review of the relevant statute, the Court determined that referral was not required. Section 144 provides that another judge shall be assigned to a proceeding if a *party* to that proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The issue, pursuant to the statute, is whether Plaintiff filed a timely and sufficient affidavit. Unless and until this Court determines that she has done so, the statute does not require reassignment of these proceedings. Accordingly, the Court entered a minute order, stating that the motion would not be referred to the Chief Judge and that this Court would consider the motion.

Plaintiff then filed two motions to supplement her Motion to Disqualify. The first sought to cure the obvious defects in her Motion to Disqualify: Plaintiff's affidavit was substituted for the previously filed affidavit of her counsel, and counsel filed a "Certification of Counsel," certifying that the motion was brought in good faith. The second motion to supplement added some additional materials for consideration on the Motion to Disqualify.

The gist of Plaintiff's Motion to Disqualify – which was filed *after* trial and *after* judgment was entered in favor of Defendants – is that Plaintiff believes I am acquainted with John Sullivan, a Defendant in this case, and that I should have recused myself from these proceedings. Plaintiff's knowledge is based on a Mt. Carmel High School yearbook and alumni directory, showing that Defendant Sullivan and I attended school together from 1953 to 1957, that both of us served in student council, that we played some of the same

intramural sports, and that both of us attended a 50-year reunion in 2007. As stated in detail on the record, I do not know John P. Sullivan; nor do I have any recollection of ever knowing him. I did not recognize him when he testified at trial in this case, and I would not recognize him to see him today.

When considering a motion to disqualify, the Court is required to assume the truth of factual assertions set forth in an affidavit; but it is not required to accept the movant's conclusions as to the significance of those facts. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004). Furthermore, the Court "can only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Id.* (citation and internal quotation marks omitted). "Unlike a motion to recuse under 28 U.S.C. § 455, which simply requires the reasonable appearance of bias, a motion to disqualify under § 144 requires a showing of *actual bias*." *Id.* (citation omitted) (emphasis in original).

Many of the factual assertions in Plaintiff's affidavit are not shown to be based on Plaintiff's personal knowledge and constitute mere opinions and conclusions. For example, Plaintiff asserts that she learned Defendant Sullivan and I had known each other for at least 53 years. Factual allegations must be specific and include "definite times, places, persons, and circumstances." *Id.* Plaintiff does not set forth how she learned that Defendant and I have known each other for 53 years. (Indeed, I do *not* know Defendant Sullivan.) Presumably, Plaintiff's belief is based on the included yearbook and alumni materials. Those materials, however, merely establish that I attended school with Defendant, that we engaged in some of the same activities, and that we appeared together in a 50-year class-reunion photograph along with approximately 60 other classmates.[1] Plaintiff also avers that "[t]he Mt. Carmel community is a close knit school community with an active alumni association" and that Mt. Carmel's "students and alumni are taught and encouraged to remain active and loyal to the school and its alumni." Docket 130-1 ¶¶ 25, 26. This apparently is intended to imply that, because of my high school training, I would be inclined to rule unfairly in favor of a high-school classmate from 50-plus years ago. These facts are insufficient to establish that this Court had any actual bias in favor of Defendant.

Moreover, even if the Court were required to accept Plaintiff's unfounded conclusions, the Motion fails to demonstrate the presence of any bias that could have affected Plaintiff's case. Plaintiff avers in her affidavit that I "had an opportunity to form an opinion as to the veracity and credibility of Sullivan outside of the courtroom instead of from within it." *See* Docket No. 130-1 ¶ 27. However, this case was tried before a jury. Neither during the trial nor in ruling on Defendants' motion for judgment as a matter of law was I required to evaluate the credibility of any witnesses, including Defendant Sullivan.

"A trial judge has as much obligation not to recuse himself when there is no occasion for him to do so [under § 144] as there is for him to do so when the converse prevails." *Id.* (quoting *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)). As a matter of law, Plaintiff's affidavit is insufficient to convince a reasonable person that this Court had any actual bias in favor of Defendant Sullivan at any stage in these proceedings. Accordingly, Plaintiff's Motion to Disqualify is denied.

---

1. This was not a class reunion for only graduates from my class. The event was attended by hundreds of alumni from graduating classes from at least the past 50 years.